IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REMIGIO GUERRA, JR. | § | |
| | § | |
| V. | § | C.A. NO. C-02-058 |
| | § | |
| UNITED STATES, ET AL. | § | |

## ORDER OF DISMISSAL

This case is set for trial on September 27, 2005. See (D.E. 92). Pursuant to the Scheduling Order entered January 25, 2005, (D.E. 92), the Joint Pretrial Order was due on or before February 7, 2005. Defendants timely filed their proposed Pretrial Order, (D.E. 93); plaintiff did not.

By Order entered June 2, 2005, plaintiff was ordered to file his proposed Pretrial Order, including his proposed witness and exhibit lists. (D.E. 94). Plaintiff was reminded that this information is essential to the successful pretrial preparation of the case, including the issuing of writs ad testificandum, if appropriate. Plaintiff was afforded twenty (20) days, that is, until June 22, 2005, to submit his proposed Pretrial Order. Id. Plaintiff was advised that failure to file his proposed Pretrial Order timely could result in dismissal of his case for failure to prosecute. Id.

Plaintiff did not file a proposed Pretrial Order, but instead, on June 27, 2005, he filed a "response" seeking a continuance of his case. (D.E. 95). Plaintiff explained that he was to be released from prison on July 4, 2005, and claimed that he needed additional time to prepare his case for trial. (D.E. 95). Defendants opposed any continuance (D.E. 96). By Order entered July 20, 2005, plaintiff's request for a continuance was denied, and plaintiff was again instructed to file his proposed Pretrial Order within fourteen days, that is by August 3, 2005. (D.E. 97). A copy of

the order was sent to plaintiff at his last known address, but it was returned as undeliverable.[1] To date, plaintiff has failed to file his proposed Pretrial Order.

On September 1, 2005, plaintiff was ordered to show cause why this case should not be dismissed for failure to prosecute based on plaintiff's failure to advise the Clerk of his current address and failure to follow the Court's orders. (D.E. 99). Plaintiff was provided ten (10) days, until September 16, 2005, to respond. Plaintiff has again failed to respond to the show cause order.

An action may be dismissed if the plaintiff fails to prosecute it or to comply with any order of court. FED.R.CIV.P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). It is evident that plaintiff has both abandoned this lawsuit and failed to comply with orders of this Court. Accordingly, plaintiff's action is DISMISSED for want of prosecution.

ORDERED this 19th day of September 2005.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Local Rule 83.4, a *pro se* litigant is responsible for keeping the clerk advised in writing of his current address. Plaintiff failed to comply with this local rule.